UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAY CHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  24-3620 (UNA) |
| ) | |
| ) | |
| MANUFACTURERS & TRADERS ) | |
| TRUST COMPANY *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues three banks and the State of Maryland alleging, to the extent intelligible, that they owe her "$5900000000000000000000" for debt arising from "Business Checking" and "Personal Checking" accounts. Compl., ECF No. 1 at 4. In addition to monetary relief, Chen seeks a "Barring Notice" and a "criminal prosecution" for "d[e]struction of properties; repeated bad checks over $1,000; obstruction of transactions; severe violation of privacy; [and] failure to disburse funds correctly." *Id*. at 6.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement

of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). Thus, the pleader must allege enough facts to permit a court "to infer more than the mere possibility of misconduct." *Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (cleaned up). The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). They also assist the court in determining whether it has jurisdiction over the subject matter.

Plaintiff has not pled a basis for federal court jurisdiction and alleged a coherent set of facts to "give the defendants fair notice" of the purported damages claim, *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016), and a private citizen like Plaintiff "lacks a judicially cognizable interest in the [criminal] prosecution . . . of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In any event, federal courts lack power to entertain complaints, as here, that are " 'patently insubstantial,' presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). Therefore, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
United States District Judge

Date: April 2, 2025